**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50091 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00651-PA |
| v. | |
| IGNACIO VALDIVIA-MARQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 18, 2015[**]

Before:   TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Ignacio Valdivia-Marquez appeals from the district court's judgment and

challenges the 70-month sentence imposed following his guilty-plea conviction for

possession with intent to distribute marijuana on board a vessel subject to United

States jurisdiction and aiding and abetting, in violation of 18 U.S.C. § 2; 21 U.S.C.

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 960(b)(2)(G); and 46 U.S.C. § 70503(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valdivia-Marquez contends that the district court procedurally erred by focusing on general deterrence to the exclusion of the other 18 U.S.C. § 3553(a) factors and failing to consider and explain its rejection of his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the court properly considered the section 3553(a) factors and Valdivia-Marquez's mitigating arguments, and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Valdivia-Marquez next contends that the alleged procedural errors resulted in a substantively unreasonable sentence. The district court did not abuse its discretion in imposing Valdivia-Marquez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

All pending motions are denied.

**AFFIRMED.**

14-50091